IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-303-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TANGI SONYETTE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

On December 16, 2013, pursuant to a written plea agreement, Tangi Sonyette Williams ("Williams") pleaded guilty to conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base (crack) and aiding and abetting possession of a firearm in furtherance of a drug trafficking crime. See [D.E. 5, 17, 19]. On May 19, 2014, the court held Williams's sentencing hearing. See [D.E. 34, 35]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Williams's total offense level to be 25, her criminal history category to be III, and her advisory guideline range to be 70 to 87 months' imprisonment on count 1, and 60 months' consecutive imprisonment on count 2. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Williams to 30 months' imprisonment on count 1, and 60 months' consecutive imprisonment on count 2. See id. Williams did not appeal.

On April 6, 2015, Williams moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 39]. On November 30, 2015, Williams filed a memorandum of law in support of her motion for a sentence reduction [D.E. 41]. Williams's new advisory guideline range on count 1 is 57 to 71 months' imprisonment, based on a total offense level

of 23 and a criminal history category of III. See Resentencing Report. Williams requests a 21-month sentence on count 1. See id.; [D.E. 41] 8.

The court has discretion to reduce Williams's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Williams's sentence, the court finds that Williams engaged in serious criminal behavior. See PSR [D.E. 28] ¶¶ 4–12. Williams was the girlfriend of Tremayne Lynch. Williams agreed to drive Tremayne Lynch, Byron Whitaker, and Gregory Robertson to conduct a home invasion and robbery of a rival drug dealer. Williams drove Lynch, Whitaker, and Robertson to conduct the home invasion and robbery, and Williams remained in the car. During the home invasion and robbery, Lynch shot the rival drug dealer two times, Whitaker raped the girlfriend of the rival drug dealer, and Lynch, Whitaker, and Robertson punched and beat the rival drug dealer and his girlfriend. The home invasion and robbery netted $2,600 in cash, two ounces of crack cocaine, and some marijuana. After the home invasion, Williams drove Lynch, Robertson, and Whitaker to a motel room in Rocky Mount, North Carolina. Several days later, Williams helped Lynch obtain an illegal firearm and drove Lynch to Washington, D.C. See id.

Williams is a violent recidivist and has convictions for simple assault (4 counts), resisting or obstructing an officer (2 counts), larceny, trespassing, driving while license revoked (3 counts),

2

injury to personal property (2 counts), criminal contempt, and driving while impaired (3 counts). See id. ¶¶ 16–33. Williams also has a spotty work history. See id. ¶¶ 48–58. Nonetheless, Williams has taken some positive steps while incarcerated on her federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Williams received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Williams's sentence would threaten public safety in light of her serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Williams's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Williams's motion for reduction of sentence [D.E. 39].

SO ORDERED. This 15 day of April 2018.

JAMES C. DEVER III
Chief United States District Judge